5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 SHERWIN WILLIAMS COMPANY, an Ohio Corporation, Plaintiff-Appellee,
v.
D.D. INVESTORS, INC., a California Corporation; Donald
Denne; Bari Maxwell, Defendants-Appellants.
SHERWIN WILLIAMS COMPANY, an Ohio Corporation, Plaintiff-Appellant,
v.
D.D. INVESTORS, INC., a California Corporation, Defendant,
and
Donald Denne; Bari Maxwell, Defendants-Appellees.
 Nos. 92-55651, 92-55705.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1993.*
Decided Aug. 18, 1993.
 
 1
 Appeal from the United States District Court for the Central District of California; No. CV-89-5805-RSWL, Ronald S.W. Lew, District Judge, Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: BROWNING, FARRIS and KELLY,** Circuit Judges
 
 
 5
 MEMORANDUM***
 
 
 6
 The district court was not clearly wrong in rejecting appellants' interpretation of the credit memo and the testimony of their "disinterested" witnesses. We may not reject the district court's view of the evidence if it is "plausible in light of the record viewed in its entirety" even though we might have weighed the evidence differently had we been sitting as the triers of fact. Service Employees Int'l Union v. Fair Political Practices, 955 F.2d 1312, 1317 n. 7 (9th Cir.1992) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985)). As the district court noted, the pivotal issues turned primarily on the credibility of witnesses, a question peculiarly for the trier of fact. Friend v. H.A. Friend and Co., 416 F.2d 526, 530 (9th Cir.1969).
 
 
 7
 Nor is there any merit in appellants' contention that the district court was required to accept the uncontradicted testimony of Junkins and Charley. "The trier of fact may properly reject uncontradicted testimony so long as it does so with good reason." Jauregui v. City of Glendale, 852 F.2d 1128, 1132 (9th Cir.1988) (proper bases include inherent unbelievability, lack of sincerity or the ambiguity). (citations and internal quotations omitted). The district court had sufficient reasons for rejecting the testimony. Junkins' account of the oral agreement was internally inconsistent; and Charley was not a disinterested witness--he had been fired by Sherwin-Williams shortly after it purchased Western.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 Honorable Paul J. Kelly, Jr., Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3